IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CRUCIBLE MATERIALS CORPORATION, <u>et al.</u>,[1] ) | Case No. 09-11582 (MFW) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Objection Deadline: July 8, 2009 @ 4:00 p.m.** |
| ) | **Hearing Date: July 28, 2009 @ 10:30 a.m.** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 1103(a) OF THE BANKRUPTCY CODE, FED. R. BANKR. P. 2014 AND DEL. BANKR. L.R. 2014-1 AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AS OF MAY 21, 2009**

The Official Committee of Unsecured Creditors (the "Committee") of Crucible Materials Corporation having been duly appointed by the Office of the United States Trustee, hereby applies to the Court pursuant to section 1103(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order authorizing and approving the Committee's employment and retention of Huron Consulting Services LLC as financial advisors for the Committee in these chapter 11 cases as of May 21, 2009 (the "Application"). In support of this Application, the Committee respectfully represents as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Crucible Materials Corporation (9229); Crucible Development Corporation (3475). The Debtors' headquarters is located at 575 State Fair Boulevard, Syracuse, NY 13209.

*21389.2*

## JURISDICTION AND VENUE

1. On May 6, 2009 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage their affairs and operate their businesses pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in these cases.

Jurisdiction to consider this matter is vested in the Court pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Application is 11 U.S.C. §§ 105 and 1103(a) and Rule 2014 of the Bankruptcy Rules.

## RETENTION OF HURON CONSULTING SERVICES LLC

2. On May 18, 2009, the Office of the United States Trustee held the organizational meeting of the Committee. The Trustee appointed a five member committee comprised of the following creditors: Bank of New York Mellon Trust Co., Sims Metal Management Inc., United Steelworkers of America, Purther Recycling Inc. and Climax Molybdenum Marketing Corp. See Appointment of Committee of Unsecured Creditors (Docket 89). Also, on May 20, 2009, the Committee selected the law firm of Eckert Seamans Cherin & Mellott LLC ("Eckert Seamans") as its counsel. Thereafter, on May 21, 2009, the Committee selected the consulting firm of Huron Consulting Services LLC ("Huron" or the "Firm").

3. By this Application, the Committee seeks to employ and retain Huron as its financial advisors in these chapter 11 cases, and all related matters, effective as of May 21, 2009. Accordingly, the Committee respectfully requests entry of an order pursuant to Section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing it to employ and retain Huron as its financial advisors to perform the services set forth in the engagement agreement executed

by Huron on May 21, 2009 (the "Engagement Agreement"). A copy of the Engagement Agreement is attached hereto as Exhibit "B".

4. The Committee seeks to retain Huron as its financial advisors because of the Firm's experience and expertise in complex chapter 11 cases and in particular, cases in the Debtors' industry. The Committee submits that Huron is both well qualified and uniquely able to represent it in these cases in an efficient and timely manner.

5. Subject to Court approval under section 330(a) of the Bankruptcy Code, compensation will be payable to Huron on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The hourly rates charged by Huron are consistent with the rates charged by the Firm in comparable non-bankruptcy matters and are subject to periodic adjustments to reflect economic and other conditions.

6. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by the Firm from time to time. Current customary hourly rates of Huron for the individuals expected to participate in these cases currently are set at $675 for Managing Directors, $575 for Directors, $400 for Managers, $335 for Associates and $245 for Analysts. The cumulative average hourly billing rate will fall within a range of $375 - $425 per hour. In the event that the Committee requests Huron to arrange alternative Debtor-in-Possession financing and Huron is successful in arranging such financing, the Committee has agreed to negotiate a Success Fee that would be payable upon confirmation and closing of such financing. It is the policy of Huron to charge its clients in all areas of practice for all expenses incurred in connection with a client's case. The expenses routinely charged to clients include, among other

things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for working meals and telecopier charges. The Firm will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients and in accordance with the terms of the Engagement Agreement.

7. The professional services that Huron will render to the Committee may include, but shall not be limited to, the following:

(a) The review and analysis of financial information prepared by the Debtor, its accountants and/or other financial advisors;

(b) Monitoring and analysis of the Debtors' operations and financial condition, cash expenditures, court filings, business plans, operating forecasts, strategy, projected cash requirements and cash management;

(c) Attendance at meetings of the Committee, the Debtors, their respective professionals, bankruptcy court hearings and participation in such other matters and on such occasions as the Committee may, from time-to-time request;

(d) Review and analysis of any restructuring or plan or reorganization proposed by the Debtors or any other party, and the provision of assistance to the Committee in developing, structuring, evaluating and negotiating the terms and conditions of any restructuring or plan of reorganization, including analysis with respect to the value of securities, if any, that may be distributed to unsecured creditors under any such restructuring or plan;

(e) Review and analysis of proposed transactions for which the Debtors seek Court approval;

(f) Review and analysis of and recommendations regarding any proposed disposition of assets of the Debtor, debtor-in-possession financing, proposed operational changes, and any expenditures out of the ordinary course of the Debtors' business;

(g) Review of reports as to Debtors' business and its operations, including assessing the value of non-debtor affiliates;

(h) Analysis with respect to the pre-petition property, liabilities and financial condition (including analysis of potentially unencumbered assets) of the Debtor, and the transfers with and among Debtor's affiliates;

(i) Support for any bankruptcy court proceedings necessary or appropriate to the maximization of recovery by the Committee's constituents, including expert witness or other testimony;

(j) Investigation of cause of actions and other items as directed by the Committee or its counsel;

(k) Investigation of possible preference items;

(l) If requested by the Committee, assist with seeking prospective lenders, due diligence, transaction support, negotiations with prospective lenders and optimizing the terms of a prospective transaction; and

(m) Such other services as the Committee may, from time-to-time, deem necessary or appropriate.

8. To the best of the Committee's knowledge, and except as disclosed in the Affidavit of Richard D. Caruso (the "Caruso Affidavit") attached hereto as Exhibit "A", Huron has not represented the Debtors, their creditors, equity security holders, or any other parties in interest or their respective attorneys, the United States Trustee or any person employed in the office of the Trustee, in any matter relating to the Debtors or their estates.

9. The Committee desires to retain Huron. To the best of the Committee's knowledge, based on the information contained in the Caruso Affidavit, Huron does not hold or represent any interest adverse to the Debtors' estates or to the Committee's interests therein and therefore is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code. Further, Huron' employment is necessary and in the best interests of the Committee, all general unsecured creditors and the Debtors' estates.

10. Huron intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee (the "Fee Guidelines"). All professionals who will be rendering services on behalf of the Committee will maintain billing records setting

forth complete and detailed activity descriptions, including a time allotment billed in increments of one-tenth of an hour. Each activity will include a description of the type and subject matter of the activity undertaken.

11. The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, orders of this Court, and the Fee Guidelines, proposes that Huron be paid its customary hourly rates in effect from time to time as set forth in the Caruso Affidavit and submits that such rates are reasonable.

12. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Official Committee of Unsecured Creditors of Crucible Materials Corporation and Crucible Development Corporation respectfully requests that this Court enter an order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as is just.

Dated: June 18, 2009

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Ronald S. Gellert*
Ronald S. Gellert (DE Bar 4259)
Tara L. Lattomus (DE Bar 3515)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Fax: (302) 425-0432

*(Proposed) Counsel to the Official Committee of Unsecured Creditors*