IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                        )
                                              )  Chapter 11
CRUCIBLE MATERIALS CORPORATION, et al.,[1]    )  Case No. 09-11582 (MFW)
                                              )  Jointly Administered
        Debtors.                              )
                                              )
                                              )

# EXHIBIT A

## AFFIDAVIT OF RICHARD D. CARUSO

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Crucible Materials Corporation (9229); Crucible Development Corporation (3475). The Debtors' headquarters is located at 575 State Fair Boulevard, Syracuse, NY 13209.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CRUCIBLE MATERIALS CORPORATION, et al.,[1] ) | Case No. 09-11582 (MFW) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |
| ) | |

## AFFIDAVIT OF RICHARD D. CARUSO PURSUANT TO FED. R. BANKR. PRO. 2014(a) IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO § 1103(a) OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT AND RETENTION OF HURON CONSULTING SERVICES LLC AS FINACIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA ) | |
| ) ss: | |
| WASHINGTON COUNTY ) | |

Richard D. Caruso, being duly sworn, deposes and says as follows:

1. I am a managing director in the consulting firm of Huron Consulting Services LLC ("Huron" or "The Firm"). My office address is Huron, 1120 Avenue of the Americas, 8th Floor, New York, NY 10036. I am authorized to make this Affidavit (the "Caruso Affidavit") on behalf of Huron. This Affidavit is submitted pursuant to Fed. R. Bankr. Pro. 2014(a) in support of the Application of the Official Committee of Unsecured Creditors for an Order Pursuant to 11 U.S.C. §§ 105 and 1103(a) of the Bankruptcy Code, Fed. R. Bankr. P. 2014 and Del. Bankr. L.R. 2014-1 Authorizing and Approving the Employment and Retention of Huron Consulting Services LLC as financial advisors for the Official Committee of Unsecured Creditors as of May 21, 2009 (the "Application").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Crucible Materials Corporation (9229); Crucible Development Corporation (3475). The Debtors' headquarters is located at 575 State Fair Boulevard, Syracuse, NY 13209.

### Disinterestedness of Professionals

2.  Based on the conflict searches conducted to date and described herein, to the best of my knowledge, neither I, The Firm, nor any professionals thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors (the "Debtors"), their creditors or any parties-in-interest, their respective attorneys, the United States Trustee or any person employed in the Office of the United States Trustee, except as disclosed or otherwise described herein or in Exhibit 2 hereto. Accordingly, Huron does not hold or represent an "interest adverse" in connection with these chapter 11 cases as prescribed by section 1103(b) of the Bankruptcy Code, and is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.

3.  The Committee seeks to employ Huron to represent and assist it in the Debtors' bankruptcy cases. The Firm is familiar with the Debtors' businesses, operations and the legal issues that may arise in the context of these chapter 11 cases and therefore is prepared to serve the Committee in that regard.

4.  The Firm and certain of its professionals may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in these chapter 11 cases in connection with unrelated matters. In the preparation of this Affidavit, Huron has searched its electronic databases for its connections to various entities that are significant parties-in-interest in these chapter 11 cases. Huron will update this Affidavit as and when necessary and when Huron is aware of new or additional material information. The individuals and entities ("Potential Parties") for which Huron has conducted a search are listed on Exhibit 1 to this Affidavit, and include:

    i. the Debtors;

    ii. affiliates of the Debtors and other parties-in-interest;

    iii. the Debtors' twenty (20) largest unsecured creditors; and

    iv. the Debtors' post-petition Debtor-in-Possession lender.

5.  Huron's connections to the Potential Parties are described on Exhibit 2 to this Affidavit.

6.  Huron discloses that it has represented, currently represents and/or may represent in the future various past, present or future ordinary course trade creditors and/or service providers of the Debtors, but all such representations are in connection with matters wholly unrelated to the Debtors and these chapter 11 cases.

7.  Huron has not in the past represented and will not during the pendency of these cases represent any of the Potential Parties, or any of their affiliates or subsidiaries, in matters related to these chapter 11 cases. In addition, Huron employs over 1,600 professionals, is a global service provider with a client roll including thousands of names that encompass the representation of many financial institutions and commercial corporations, some of which are or may consider themselves to be creditors or parties-in-interest in these cases or otherwise have interests in these cases. Huron will not represent any other client in matters related to these chapter 11 cases during the pendency of these cases. Huron will periodically review its files during the pendency of these cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Huron will use reasonable efforts to identify such further developments and promptly will file a supplemental statement pursuant to Bankruptcy Rule 2014(a).

8.  None of the connections or representations described above are materially adverse to the interests of the Committee or the unsecured creditors of the Debtors' estates. Moreover,

pursuant to section 1103(b) of the Bankruptcy Code, Huron is not disqualified from acting as the Committee's financial advisor merely because it represents certain creditors in unrelated matters.

## Services to be Rendered

9. The Committee has requested that Huron render financial advisory services in connection with these chapter 11 cases, including, without limitation, the following services:

(a) The review and analysis of financial information prepared by the Debtor, its accountants and/or other financial advisors;

(b) Monitoring and analysis of the Debtors' operations and financial condition, cash expenditures, court filings, business plans, operating forecasts, strategy, projected cash requirements and cash management;

(c) Attendance at meetings of the Committee, the Debtor, their respective professionals, bankruptcy court hearings and participation in such other matters and on such occasions as the Committee may, from time-to-time request;

(d) Review and analysis of any restructuring or plan or reorganization proposed by the Debtors or any other party, and the provision of assistance to the Committee in developing, structuring, evaluating and negotiating the terms and conditions of any restructuring or plan of reorganization, including analysis with respect to the value of securities, if any, that may be distributed to unsecured creditors under any such restructuring or plan;

(e) Review and analysis of proposed transactions for which the Debtors seek Court approval;

(f) Review and analysis of and recommendations regarding any proposed disposition of assets of the Debtor, debtor-in-possession financing, proposed operational changes, and any expenditures out of the ordinary course of the Debtors' business;

(g) Review of reports as to the Debtors' business and its operations, including assessing the value of non-debtor affiliates;

(h) Analysis with respect to the pre-petition property, liabilities and financial condition (including analysis of potentially unencumbered assets) of the Debtor, and the transfers with and among Debtors' affiliates;

(i) Support for any bankruptcy court proceedings necessary or appropriate to the maximization of recovery by the Committee's constituents, including expert witness or other testimony;

(j) Investigation of cause of actions and other items as directed by the Committee or its counsel;

(k) Investigation of possible preference items;

(l) If requested by the Committee, assist with seeking prospective lenders, due diligence, transaction support, negotiations with prospective lenders and optimizing the terms of a prospective transaction; and

(m) Such other services as the Committee may, from time-to-time, deem necessary or appropriate.

### Professional Compensation

10. Subject to Court approval under section 330(a) of the Bankruptcy Code, compensation will be payable to Huron on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by The Firm. The hourly rates charged by Huron are consistent with the rates charged by The Firm in comparable non-bankruptcy matters and are subject to periodic adjustments to reflect economic and other conditions.

11. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by the Firm from time to time. Huron's current customary hourly rates for the individuals expected to participate in these cases currently are set at $675 for Managing

Directors, $575 for Directors, $400 for Managers, $335 for Associates and $245 for Analysts. The cumulative average hourly billing rate will fall within a range of $375 - $425 per hour. If Huron is successful in arranging alternative Debtor-In-Possession financing at the request of the Committee, the Committee agrees to negotiate a Success Fee that would be payable upon confirmation and closing of such financing. It is Huron's policy to charge its clients in all areas of practice for all expenses incurred in connection with the clients' case. The expenses routinely charged to clients include, among other things, photocopying, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for working meals and telecopier charges. The Firm will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

12. No promises have been received by the Firm or by any professional thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

Date: June 17, 2009

Richard D. Caruso
Managing Director, Huron Consulting Services LLC

Sworn to and subscribed before me this 7 day of June 2009.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Linda L. McCullough, Notary Public
City of Washington, Washington County
My Commission Expires May 24, 2012

Exhibit 1 to Caruso Affidavit

Potential Parties Searched

### Debtors

Crucible Materials Corporation
Crucible Development Corporation

### Consolidated Twenty Largest General Unsecured Creditors

Sentry Insurance
Tiangong International Company
Bank of America Leasing & Capital
Hartford Financial Services
Bank of New York Mellon Trust
BNY Mellon Asset Management
Villares Metals S/A
Universal Stainless & Alloy
Kopo International
Northern Equities LLC
Metal Management Inc
AFCO Premium Credit LLC
Stemcor USA Inc
Purther Recycling Inc.
Climax Molybdenum Marketing Corp.
DSS America, Inc.
ELG Utica Alloys Inc.
Treilbacher Industries AG
Erasteel Inc.
Marsh USA Inc.

### Other Parties-In-Interest

United Steelworkers of America
Sims Metal Management
Bank of America
Keybank National Association
RBS Business Capital
K&L Gates LLP
RAS Management Advisors LLC
Duff & Phelps Securities LLP
Saul Ewing LLP
Wachovia Capital Finance
Eckert Seamans Cherin & Mellott, LLC

## Affiliates of Debtors and Other Parties-In-Interest

David Robbins
James Beckman
Harry O'Brien
Lorna Carpenter
Dan O'Leary
Peter Gordon
Charles Odachowski
William Lester
Crucible Materials Corporation's ESOP
Crucible Fund for Eligible Salaried Employees of All Divisions
Bost & Co. Salaried Pension Plan
Bost & Co. Union Pension Plan

Exhibit 2 to Caruso Affidavit

Identified Parties

| Searched Party | Description of Contact with Searched Party |
|---|---|
| AFCO Premium Credit LLC | Huron has in the past represented affiliates of AFCO Premium Credit LLC in matters entirely unrelated to the Debtors and these bankruptcy cases. Further, Huron may in the future undertake additional engagements on behalf of AFCO Premium Credit LLC or its affiliates in matters unrelated to the Debtors and these bankruptcy cases. |
| Bank of America | Huron currently represents and in the past has represented Bank of America in matters entirely unrelated to the Debtors and these chapter 11 cases. Huron may in the future undertake additional engagements on behalf of Bank of America in matters unrelated to the Debtors and these bankruptcy cases. Further, Huron maintains a banking relationship with Bank of America, which is entirely unrelated to the Debtors and these bankruptcy cases. |
| Bank of New York Mellon Trust | Huron currently represents and in the past has represented Bank of New York Mellon Trust in matters entirely unrelated to the Debtors and these chapter 11 cases. Huron may in the future undertake additional engagements on behalf of Bank of New York Mellon Trust in matters unrelated to the Debtors and these bankruptcy cases. |
| Hartford Financial Services | Huron has in the past represented affiliates of Hartford Financial Services in matters entirely unrelated to the Debtors and these bankruptcy cases. Further, Huron may in the future undertake additional engagements on behalf of Hartford Financial Services or its affiliates in matters unrelated to the Debtors and these bankruptcy cases. |
| Keybank National Association | Huron currently represents and in the past has represented Keybank National Association in matters entirely unrelated to the Debtors and these chapter 11 cases. Huron may in the future undertake additional engagements on behalf of Keybank National Association in matters unrelated to the Debtors and these bankruptcy cases. |
| Marsh USA | Huron has in the past represented affiliates of Marsh USA in matters entirely unrelated to the Debtors and these bankruptcy cases. Further, Huron may in the future undertake additional engagements on behalf of Marsh USA or its affiliates in matters |

| | |
|---|---|
| | unrelated to the Debtors and these bankruptcy cases. |
| RBS Business Capital | Huron currently represents and in the past has represented RBS Business Capital in matters entirely unrelated to the Debtors and these chapter 11 cases. Huron may in the future undertake additional engagements on behalf of RBS Business Capital in matters unrelated to the Debtors and these bankruptcy cases. |
| Simms Metal Management | Huron currently represents and in the past has represented affiliates of Simms Metal Management in matters entirely unrelated to the Debtors and these bankruptcy cases. Further, Huron may in the future undertake additional engagements on behalf of Simms Metal Management or its affiliates in matters unrelated to the Debtors and these bankruptcy cases. |
| United Steelworkers of America | Huron has in the past represented numerous companies who have the United Steelworkers of America as their bargaining unit in matters entirely unrelated to the Debtors and these bankruptcy cases. Further, Huron may in the future undertake additional engagements on behalf of such companies in matters unrelated to the Debtors and these bankruptcy cases. |
| Wachovia Capital Finance | Huron has in the past represented affiliates of Wachovia Capital Finance in matters entirely unrelated to the Debtors and these bankruptcy cases. Further, Huron may in the future undertake additional engagements on behalf of Wachovia Capital Finance or its affiliates in matters unrelated to the Debtors and these bankruptcy cases. |