# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CRUCIBLE MATERIALS CORPORATION, et al., | ) Case No. 09-11582 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Re: Docket No. 176** |
| | ) |

**ORDER APPROVING APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 1103(A) OF THE BANKRUPTCY CODE, FED. R. BANKR. P. 2014 AND DEL. BANKR. L.R. 2014-1 AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AS OF MAY 21, 2009**

Upon review of the Application of the Official Committee of Unsecured Creditors (the "Committee) for Order Pursuant to 11 U.S.C. §§ 105 and 1103(a) of the Bankruptcy Code, Fed. R. Bankr. P. 2014 and Del. Bankr. L.R. 2014-1 Authorizing and Approving the Employment and Retention of Huron Consulting Services LLC ("Huron") as Financial Advisors for the Official Committee of Unsecured Creditors as of May 21, 2009 (the "Application"), filed on behalf of the Official Committee of Unsecured Creditors (the "Committee"), it appearing that the Committee has selected the consulting firm of Huron Consulting Services LLC as its financial advisors in these chapter 11 cases, and all related matters, effective as of May 21, 2009 to represent the Committee in this case and that the Firm is "disinterested" within the meaning of 11 U.S.C. § 101(14) and does not hold any interest adverse to the estate, and good cause appearing therefor:

**IT IS HEREBY ORDERED** that the indemnification provisions included in the Engagement Letter, including Exhibit A thereto, are approved to the extent provided in this Amended Order and subject to the following conditions:

    (a)    Subject to the provisions of subparagraphs (c) and (d) below, the Committee is authorized to indemnify, and shall indemnify, Huron, in accordance with the Engagement Letter, for any claim arising from,

*23711.1*

related to or in connection with Huron's performance of the services described in the Engagement Letter;

(b) Huron shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court;

(c) Notwithstanding anything to the contrary in the Engagement Letter, the the Committee shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (1) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence, willful misconduct or fraud, (ii) for a contractual dispute in which the Committee alleges the breach of Huron's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) and/or (ii), but determined by this Court (the determination having become final and no longer subject to appeal) after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Court; and

(d) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Huron believes that it is entitled to the payment of any amounts by the Committee on account of the Committee's indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Huron shall file an application therefor in this Court, and the Committee shall not pay any such amounts to Huron before entry of an order by this Court approving such payment. This paragraph is intended only specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Huron for indemnification, contribution or reimbursement, and it is not a provision limiting the duration of the Committee's obligation to indemnify Huron; and

**IT IS FURTHER ORDERED** that, should the Committee agree to pay Huron any success fee under the terms of the engagement agreement, such payment must be subject to the Court under approval of the standard of reasonableness; and

23711.1

**IT IS FURTHER ORDERED** that the Committee is authorized to employ the consulting firm of Huron Consulting Services LLC to serve as financial advisors to the Committee and such employment is approved as of May 21, 2009, and the Application is approved.

Dated: July 19, 2009

The Honorable Mary F. Walrath
United States Bankruptcy Judge

*23711.1*