# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CRUCIBLE MATERIALS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-11582 (MFW)<br><br>Jointly Administered<br><br>Related to Docket No. 348 |

## NOTICE OF SALE HEARING
## AND SUCCESSFUL BIDDERS AT AUCTION

PLEASE TAKE NOTICE THAT:

1. On May 6, 2009 (the "Petition Date"), Crucible Materials Corporation ("Crucible") and Crucible Development Corporation ("CDC"), debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under title 11, chapter 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2. On August 24, 2009, the Debtors filed Debtors' Motion for Orders: (A)(I) Approving Sales Procedures; (II) Approving Certain Bid Protections; (III) Scheduling a Hearing to Consider the Sale of the Debtors' Assets; and (IV) Approving the Form and Manner of Notice; and (B)(I) Approving the Asset Purchase Agreement; (II) Authorizing the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. §§ 363(b), 363(f) and 363(m); (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases and (IV) Granting Related Relief (Docket No. 348) (the "Sale Motion").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Crucible Materials Corporation (9229); Crucible Development Corporation (3475). The Debtors' headquarters is located at 575 State Fair Boulevard, Syracuse, NY 13209.

3.      On August 31, 2009, the United States Bankruptcy Court for the District of Delaware (the "Court")[2] entered an Order (the "Sales Procedures Order") (Docket No. 365) approving, among other things: (a) certain procedures (the "Sales Procedures") governing the submission of competing bids for substantially all of the Debtors' assets used in the Debtors' Compaction and Research Divisions (the "Compaction and Research Divisions") and authorizing the Debtors to entertain and accept bids for all, or substantially all, of the Debtors' remaining assets (the "Remaining Assets"), (b) authorizing the Debtors to grant certain bid protections, (c) scheduling a hearing to consider the sale of substantially all of the Debtors' assets to one or more buyers (the "Sale Hearing"), (d) and approving the form and manner of sale notices.

4.      On September 21, 2009, the Debtors held an Auction for the sale of the Compaction and Research Divisions and the Remaining Assets at the offices of K&L Gates LLP, 599 Lexington Avenue, New York, NY 10022 and determined that Allegheny Technologies Incorporated (the "ATI") submitted the highest and best offer for the Compaction and Research Divisions. A copy of the asset purchase agreement (the "Modified APA") entered into by the Debtors and ATI is annexed hereto as **Exhibit A-1**.

5.      At the Auction, the Debtors also determined to accept bids for certain of the Remaining Assets, as follows:

   (a)   **Specialty Metals Division (Syracuse, NY and Related Assets)** – The Debtors have accepted an offer from Crucible Industries, LLC ("Crucible Industries") for their Specialty Metals Division in Syracuse, NY and related assets, all as more fully described in the Asset Purchase Agreement annexed hereto as **Exhibit A-2**.

   (b)   **Romeoville, IL Service Center and Related CPM Inventory** – Crucible accepted an offer from Erasteel, Inc. ("Erasteel") for the Romeoville, IL service center, together with related inventory, machinery and equipment

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings attributed to them in the Sale Motion.

associated with the operations of Crucible's CPM business division, all as more fully described in the Asset Purchase Agreement annexed hereto as **Exhibit A-3**.

6. A hearing to approve the sales to the ATI, Crucible Industries and Erasteel (collectively, the "Successful Purchasers") will be held before the Honorable Mary F. Walrath, United States Bankruptcy Judge for the District of Delaware at 824 N. Market Street, Wilmington, DE on **September 25, 2009 at 11:30 a.m. (prevailing eastern time)**. At the Sale Hearing, the Court will consider, among other things:

    (a) the approval of the sale of the Compaction and Research Divisions free and clear of all liens, claims, interests, encumbrances, and successor liabilities to ATI. A copy of ATI's proposed Sale Order is annexed hereto as **Exhibit B-1**.

    (b) the approval of the sale of the Debtors' Specialty Metals Division to Crucible Industries free and clear of all liens, claims, interests, encumbrances, and successor liabilities to Crucible Industries. A copy of Crucible Industries' proposed Sale Order is annexed hereto as **Exhibit B-2**.

    (c) the approval of the sale of Crucible's Romeoville Service Center and related CPM assets free and clear of all liens, claims, interests, encumbrances, and successor liabilities to Erasteel. A copy of Erasteel's proposed Sale Order is annexed hereto as **Exhibit B-3**.

7. The Debtors further intend to assume and assign certain executory contracts to ATI and Erasteel in connection with the closing on their respective asset purchase agreements, as follows:

    (a) a cure schedule setting forth the Assigned Contracts proposed to be assumed and assigned to ATI is annexed hereto as **Exhibit C-1**.

    (b) a cure schedule setting forth the Assigned Contracts proposed to be assumed and assigned to Erasteel is annexed hereto as **Exhibit C-2**.

8. Any non-debtor counterparty to the Assigned Contracts that objects to the assumption and assignment of any of the Assigned Contracts to ATI or Erasteel, as applicable (each an "Assumption Objection"), either on the basis of the proposed cure amount, adequate

assurance of future performance, or for any other reason, must file a written objection with this Court no later than **12:00 p.m. noon prevailing Eastern Standard Time on October 7, 2009** (the "Assumption Objection Deadline"): (a) stating the name of the non-debtor counterparty to the Assigned Contract, (b) identifying the particular Assigned Contract that is the subject of the Assumption Objection, (c) setting forth the basis and the specific grounds for the Assumption Objection, and (d) if the Assumption Objection is based on the proposed cure amount, stating the cure amount proposed to be paid to the non-debtor counterparty.

9. All Assumption Objections must be filed and served so as to be **actually received** by the following parties on or before the Assumption Objection Deadline:

- **Debtors' Counsel** – K&L GATES LLP, 599 Lexington Ave., New York, NY 10022 (Attn: Jeffrey N. Rich, Esq. and Eric T. Moser, Esq.); K&L GATES LLP, 535 Smithfield Street, Pittsburgh, PA 15222 (Attn: David Murdoch, Esq.); Saul Ewing LLP, 222 Delaware Ave., Suite 1200, Wilmington, DE 19899 (Attn: Mark Minuti, Esq.)

- **Debtors' Financial Advisors** -- DUFF & PHELPS SECURITIES, LLC, 311 South Wacker Drive, Suite 4200, Chicago, ILL 60606 (Attn: Christopher J. Mercier and Andrew W. Chidester)

- **United States Trustee for the District of Delaware** - Federal Building, 844 King Street, Suite 2207, Wilmington, DE, 19801 (Attn: David Klauder, Esq.)

- **Counsel for the Creditors' Committee** – ECKERT SEAMANS CHERIN & MELLOTT, LLC, 300 Delaware Ave., Suite 1210, Wilmington, DE 19801 (Attn: Ronald S. Gellert, Esq., Karen Lee Turner, Esq. and Tara L. Lattomus, Esq.)

- **Counsel to the Agent for the Debtors' Post-Petition Lenders** -- OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel F. Fiorillo, Esq.; RICHARDS LAYTON & FINGER P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq.)

10. If any non-debtor counterparties fail to timely file and serve an Assumption Objection to the assumption and assignment of the particular Assigned Contract set forth on any of the Cure Schedules on or before the Assumption Objection Deadline, the cure amounts

proposed by the Debtors, as set forth on the Cure Schedules, shall be binding on the non-debtor counterparty to such Assigned Contract and shall be a final determination of the aggregate cure amounts to be paid by the Debtors in connection with the assumption and assignment of the specified Assigned Contract to the Successful Purchaser.

11. Additionally, any non-debtor counterparty to an Assigned Contract that fails to timely file an Assumption Objection by the Assumption Objection Deadline shall be forever estopped and enjoined from objecting to the assumption and assignment of their Assigned Contract to ATI or Erasteel, as applicable.

12. If a non-debtor counterparty timely files an Assumption Objection on or before the Assumption Objection Deadline, the Debtors and the non-debtor counterparty to the Assigned Contract will seek to consensually resolve the Assumption Objection within a reasonable amount of time. If the Debtors and the objecting non-debtor counterparty to an Assigned Contract are unable to consensually resolve the Assumption Objection, the Court shall resolve the Assumption Objection at a later date to be determined by the Court.

584871.1 9/23/09

Dated: September 23, 2009

K&L GATES LLP
Jeffrey N. Rich
Eric T. Moser
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 536-3900
Facsimile: (212) 536-3901

K&L GATES LLP
David A. Murdoch
535 Smithfield Street
Pittsburgh, PA 15222
Telephone: (412) 355-6500
Facsimile (412) 355-6501

and

*/s/ signature/*

SAUL EWING LLP
Mark Minuti (Bar No. 2659)
Lucian B. Murley (Bar No. 4892)
222 Delaware Avenue, Suite 1200
Wilmington, Delaware 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

584871.1 9/23/09